UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

EDWARD ROCK, JR.,,

        Plaintiff,

        -v-

DR. C. MISA, RHSA, et al.,

        Defendants.

**DECISION** AND ORDER
09-CV-0088F

___

In attempt to identify and clarify the names of some of the defendants the plaintiff intended to name and sue herein, the Court issued an order, pursuant to Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997), asking the New York State Attorney General's Office, Buffalo Region, to assist the Court and attempt to identify some of the defendants whom had only been identified by their presumed titles or acronyms of their titles. (Docket No. 5.)[1] Both the caption of the complaint and the summonses, and the Marshal Process Receipt and Return Forms ("Marshal Forms") prepared by the plaintiff, were somewhat confusing with respect to the titles of the defendants and whom the plaintiff intended to sue.

___

[1] The Court had previously directed that the defendants identified in the complaint--Dr. Misa, G.J. Kadien, Superintendent, Gowanda Correctional Facility, and F. Allan, Nurse Administrator, Gowanda Correctional Facility--be served (Docket No. 1), but to date there is no indication that the Marshals Service had completed service on them or that they have acknowledged service in any manner. See Fed.R.Civ.P. 4(e); N.Y. C.P.L.R. § 312-a (McKinney's 2001).

Specifically, the Court requested the Attorney General's Office to attempt to identify the following defendants–the "Regional Health Services Administrator" (RHS), Wende Hub; "Facility Health Services Director" (FHSD), Wende Hub, who succeeded Dr. Misa as the Gowanda Correctional Facility's, Facility Health Service Director (FHSD); Regional Medical Director (RMD), Hub 8, who preceded Dr. Misa; the Director of DOCS' Central Office Review Committee (CORC); and the members of the Utilization Committee, which is charged with determining the adequacy of an inmate's health care, identified as "APS."

The Attorney General's Office responded to the Court's Order and identified the Facilities Health Services Director (FHSD) and/or the Regional Medical Director, Hub 8, Dr. Misa's predecessor, as Dr. Kurtz, who is retired.[2] An address was also provided at which to serve Dr. Kurtz, but since he is retired this address will not be disclosed and the Clerk of the Court will be directed to complete the summons and Marshal Forms for service on Dr. Kurtz, without disclosing his address, other than to the Marshals Service for the purposes of service only. The plaintiff had previously prepared a summons and Marshal Form for a Dr. Bangsil and identified him as the Facility Health Services Director (FHSD), Gowanda, who succeeded Dr. Misa. The complaint, however, did not initially name Dr. Bangsil as a defendant in the

---

[2]It is presumed that Dr. Kurtz, who was the doctor who preceded Dr. Misa at Gowanda, was the "FHSD" and "RMD," that the plaintiff intended to sue herein. If it is later learned by the Attorney General's Office or the plaintiff that there is another individual whom the plaintiff intended to sue, the Court should be advised of that immediately and the complaint will need to be amended to reflect that.

complaint. The Clerk of the Court will be directed to include Dr. Kurtz and Dr. Bangsil as defendants herein and to cause the United States Marshals Service to serve them both. The Court had previously directed that the defendants identified in the complaint--Dr. Misa, G.J. Kadien, Superintendent, Gowanda Correctional Facility, and F. Allan, Nurse Administrator, Gowanda Correctional Facility--be served, but to date there is no indication that the Marshals Service had completed service on them or that they have acknowledged service in any manner. See Fed.R.Civ.P. 4(e); N.Y. C.P.L.R. § 312-a (McKinney's 2001).

The Attorney General's Office was also able to identify the "third party contractor" that the plaintiff referred to as the Utilization Committee as "APS Health Care Bethesda Inc.," 8403 Colesville Road, Silver Springs, MD 20910. The Attorney General's Office was not able to identify at this time the names of the individual members of the Utilization Committee whom plaintiff alleges were involved in his medical treatment or lack thereof. The plaintiff, therefore, is directed to ascertain through discovery, and with the assistance of defendants' counsel when issue is joined, the names of the members of the Utilization Committee, whom the plaintiff claims were deliberately indifferent to his medical needs or issues. The complaint indicates that the plaintiff intended to sue the individual members of the Utilization Committee, and not the Committee as a separate entity or APS Healthcare. If he did intend to sue APS Healthcare, he will need to file an amended complaint, pursuant to Fed.R.Civ.P. 15, naming APS Healthcare as a defendant, in addition to the

individual members, employees, representatives or physicians of APS Healthcare, whom he will need to identify through discovery.

The Attorney General's Office has also identified the Director of CORC as Karen Bellamy, whom can be served at DOCS' Main Office in Albany, New York.

IT IS HEREBY ORDERED that the caption of this action be amended to read as follows: EDWARD J. ROCK, JR., Plaintiff, v. DR. C. MISA, Regional Health Services Administrator (RHSA), Wende Hub; G.J. KADIEN, Superintendent, Gowanda Correctional Facility; DR. Kurtz, Regional Health Services Administrator (RHSA), Wende Hub and/or Regional Medical Director (RMD), HUB 8; KAREN BELLAMY, Director, CORC; F. ALLEN, Nurse Administrator, Gowanda Correctional Facility; DR. BANGSIL, Facility Health Services Director (FHSD); and UTILIZATION COMMITTEE, Individual Members, Defendants;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals Service to serve the Summons, Complaint, and this Order on defendants Dr. C. Misa, Regional Health Services Administrator (RHSA), Wende Hub; G.J. Kadien, Superintendent, Gowanda Correctional Facility; Dr. Kurtz, retired; KAREN BELLAMY, Director, CORC; F. Allen, Nurse Administrator, Gowanda Correctional Facility; and Dr. Bangsil, Facility Health Services Director (FHSD);

FURTHER, that the Clerk of the Court shall complete the necessary summons and Marshal Form for Dr. Kurtz, but plaintiff will be provided the Court's notice

advising him that he will need to complete the necessary summonses and Marshal Forms for all the other defendants;

FURTHER, that the Attorney General's Office is directed to take whatever action it can to assist the Court and Marshals Service in effecting service on the defendants;

FURTHER, that within **60 days** of entry of this Order, the Marshals Service shall advise the Court of the status of service on the defendants;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July 28, 2009